**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**Mary Williams, Linda Murphy, Linda**
**Murphy as Natural Parent and Guardian of**
**Nasara Murphy, a Legal Infant, Linda**
**Murphy as Natural Parent and Guardian of**
**Michael Murphy, a Legal Infant,**

**Plaintiffs,**

**-vs-**

**00-CV-1422**
**(NAM/DRH)**

**Robert Fredericks, Sgt. Daniel Diamond,**
**Edward Ritz and Matthew Hoy, Individually**
**and in their official capacities as Schenectady City**
**Police Officers; and Raymond Hoy, Individually**
**and in his Official Capacity as a Schenectady County**
**Deputy Sheriff,**

**Defendants.**

_____

**APPEARANCES:**

LEE GREENSTEIN, Esq.
Attorney for Plaintiffs
600 Broadway
Albany, New York 12207

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.
Blair W. Todt, Esq., of counsel
Attorneys for Defendants Robert Fredericks,
Daniel Diamond, Edward Ritz and Matthew Hoy
20 Corporate Woods Boulevard
Albany, New York 12211

Office of James B. Tuttle
James B. Tuttle, Esq., of counsel
Attorney for Defendant Raymond Hoy
10 Century Hill Drive, Suite 4
Latham, NY 12110

**Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiffs Linda Murphy, Mary Williams, Nasara Murphy, and Michael Murphy brought this action pursuant to 42 U.S.C. §§ 1983 and 1985, and the Fourth and Fourteenth Amendments of the United States Constitution, claiming that defendants, Schenectady City Police Officers Robert Fredericks, Daniel Diamond, and Edward Ritz and Matthew Hoy ("City Officers"), as well as Schenectady County Deputy Sheriff Raymond Hoy, violated their civil rights during a police search of their residence on February 18, 2000.  After a four-day trial, the jury found for defendants.  Presently before the Court are motions for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or, alternatively, for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure by plaintiffs Mary Williams, Nasara Murphy and Michael Murphy.[1]  Defendants oppose plaintiffs' motion.

**II.     FACTS**

This case arose from a police search of plaintiffs' two-family residence on February 18, 2000, in Schenectady, New York.  At trial, plaintiff Mary Williams claimed defendants illegally searched her home, illegally detained her, and used excessive force against her.  Nasara and Michael Murphy claimed at trial that defendants illegally detained them and used excessive force against them.

At trial, defendants argued that they did not intentionally harm plaintiffs or deprive them of any rights.  Defendants claimed that plaintiff Mary Williams voluntarily consented to a search of her apartment, that they had probable cause to believe that an armed suspect had entered the residence, and that a dangerous situation existed.

Officer Edward Ritz testified at trial that he and law enforcement officers were outside a

---

[1]Plaintiff Linda Murphy has not moved for post-trial relief.

building at 325 Paige Street, when he heard a noise inside the house and windows breaking. Officer Ritz stated that he observed Robert Evans lean out of a window.  There came a point when approximately six individuals ran out of the house.  Officer Ritz testified that he began to chase Evans and another person across a park and toward plaintiffs' residence.  Defendant Officer Ritz spotted a black handgun in Evans' hand during the chase.  Ritz testified that he did not lose sight of Evans or the other person until they went into the rear door of plaintiffs' residence.

Ritz apprised Sergeant Daniel Diamond, who was at the scene with Officer Robert Fredericks, of what had occurred.  Convinced that Evans, whom Ritz had chased and seen carrying a handgun, was in the house, Diamond went to the back door of the residence with Fredericks.  Diamond testified that he explained to Linda Murphy, who lived in the residence, that they were looking for Evans.  According to Diamond, Murphy agreed that someone could have entered the rear of the house or basement and consented to a search of the apartment. Diamond testified that after searching all but one room, Murphy withdrew her consent.  At that point, Diamond stated, he believed Evans was in the room he had not searched.

Meanwhile, outside the front of the residence, Officer Matthew Hoy, whom Ritz had told he had seen two people enter the residence, one with a gun, saw a young female, Nasara Murphy, exit the residence.  Officer Matthew Hoy testified that he could not determine whether Nasara Murphy had a gun at the time and that he yelled to her to "get down".  Officer Matthew Hoy stated that he had his gun drawn at that time. Officer Matthew Hoy went to the front porch where Nasara Murphy was lying face down.  Officer Matthew Hoy testified that he holstered his gun, handcuffed Nasara Murphy, patted her down for weapons and placed her in a patrol car with the car running.  Officer Matthew Hoy testified that he was operating on the assumption that there was a gunman in the house, and that he tried to prevent Nasara Murphy from being caught in a cross-fire.

3

Deputy Raymond Hoy testified that he had learned of the situation by monitoring transmissions on his radio and went to the scene. Mary Williams also came out onto the porch and was handcuffed and ordered to the ground.   Deputy Raymond Hoy testified that he was on the front porch when Michael Murphy, a young male, came out of the residence onto the porch. Deputy Raymond Hoy stated that he had his shot gun in "high ready" position and that Michael Murphy was handcuffed and ordered to the ground. Upon learning from the officers inside that the apartment was secure, Mary Williams was unhandcuffed.

Matthew Hoy stated that he returned to the porch after placing Nasara Murphy in the patrol car and saw another female (Mary Williams) standing to the right of the doorway to the second floor.  Officer Matthew Hoy testified that she was not handcuffed and that Deputy Raymond Hoy's shotgun was pointed up.  Officer Matthew Hoy asked Mary Williams for consent to search her upstairs apartment.  Deputy Raymond Hoy testified that Mary Williams gave her consent, and that he and Officer Matthew Hoy searched her apartment.  Deputy Raymond Hoy also stated that no one pointed any guns at anyone.  The jury returned a verdict in favor of defendants on all causes of action.

**III.    DISCUSSION**

Plaintiff Mary Williams claims that she is entitled to judgment as a matter of law, or, in the alternative, to a new trial because the Court erroneously charged the jury that it could find exigent circumstances excused defendants' warrantless search of her apartment even though defendants had not raised exigent circumstances as a defense at trial.  Plaintiffs Mary Williams Nasara Murphy and Michael Murphy also claim that the evidence at trial was insufficient as a matter of law to support the jury's verdict for defendants on their claims of illegal detention and excessive force and therefore seek judgment as a matter of law, or, alternatively, a new trial.

**A.    Rule 50(b) Motion of Judgment as a Matter of Law**

4

The standard governing a Rule 50 motion for judgment as a matter of law is well settled:

> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor.  In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.

*Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276, 289 (2d Cir. 1998)

(internal citations omitted).  Consequently, a court should not enter judgment as a matter of law

unless:

> (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].

*Cruz v. Local Union No. 3*, 34 F.3d 1148, 1154 (2d Cir. 1994) (quoting *Bauer v. Raymark Indus.,*

*Inc.*, 849 F.2d 790, 792 (2d Cir. 1988) (internal quotation marks omitted)).

### 1.    Search of Mary Williams' Residence

Plaintiff Mary Williams moves for judgment as a matter of law pursuant to Fed. R. Civ. P.

50(b) on the basis that defendants did not raise "exigent circumstances" as an affirmative defense

and that the Court therefore erred in instructing the jury about the "exigent circumstances"

exception to the warrant requirement.  At trial, Mary Williams claimed that Deputy Raymond

Hoy and Officer Matthew Hoy asked her for consent to search her upstairs apartment while she

was handcuffed and had a firearm pointed at her. Therefore, Mary Williams asserted that she did

not, and could not, consent voluntarily to the search of her apartment.  Mary Williams asserts that

the Court erroneously charged the jury that it could find for defendants if there existed "exigent

circumstances" with regard to the claimed illegal search of her residence because defendants did

not raise exigent circumstances as an affirmative defense.  Plaintiff contends that as a result, she

was deprived of a fair trial, and the evidence requires the Court to rule that the verdict is invalid

and find, as a matter of law, that the search of her residence was unreasonable for lack of consent.

The Court, incorporating the jury instructions plaintiffs proposed, charged the jury as follows:

> Linda Murphy and Mary Williams have separate claims against separate officers regarding allegedly illegal searches of their respective apartments. Linda Murphy claims that Officers Frederick and Diamond's search of her apartment was unreasonable and unwarranted. Ms. Murphy asserts that even though she initially consented to a search of her basement, the continuation of that search after she indicated to the officers that she did not consent to a search of any other portion of her home, was an illegal search.

> Mary Williams claims that Officers Raymond Hoy and Matthew Hoy asked her for consent to search her upstairs apartment while she was handcuffed and had a firearm pointed at her. Therefore, Mary Williams asserts she did not, and could not have voluntarily consented to the search of her apartment.

> Both Linda Murphy and Mary Williams also claim there were no exigent circumstances justifying defendants' search of their apartments.

> The Fourth Amendment provides in part that:

> The right of the people to be secure in their person, houses, papers and effects, against unreasonable searches and seizures, shall not be violated.

> Although certain important exceptions exist, searches that are conducted without having first obtained a warrant for the search from a judicial officer are presumptively invalid.

> In the instant case, Linda Murphy alleges that Officers Frederick and Diamond violated her Fourth Amendment rights by searching her apartment without just cause or reason even after she had withdrawn her consent. Mary Williams alleges that no reasonable law enforcement officer could reasonably believe she had voluntarily consented to a search of her apartment while she was handcuffed and had a firearm pointed at her. Therefore these plaintiffs claim that their federal rights were violated when the defendants conducted an illegal search of their homes. If you have determined that a defendant or defendants committed the alleged acts - that is, searching the homes of Linda Murphy and Mary Williams - you must determine whether such acts violated the plaintiff's federal rights or whether the search that was conducted was legally justified because either plaintiff provided voluntary consent to search, or an emergency justified the defendants going forward with the search without having first obtained a warrant.

Jury Charge, pp.17-19; Dkt. no. 88, Plaintiffs' Proposed Unlawful Search Instruction 87-74B.

After retiring to deliberate, the jury returned with a note requesting "clarification of exigent circumstances and consent as it pertains to searching a premises, and whether or not one overides [sic] the other".  Over plaintiffs' objection, the Court instructed the jury as follows:

> Plaintiffs Linda Murphy and Mary Williams claim to have been subjected to an unreasonable search of their residences.  The Constitution protects every person against "unreasonable" searches.  Ordinarily, this means that a search warrant must be obtained from a judicial officer such as a judge before any search of a home may be made.
>
> If a person in lawful possession of a home freely and voluntarily invites or consents to a search, law enforcement officers may reasonably and lawfully conduct the search to the extent of the consent so given without first obtaining a search warrant.
>
> An exception to the search warrant requirement is recognized in emergency situations in which a law enforcement officer, if the officer has a reasonable and good faith belief that a serious threat to the officer's safety or the safety of others is present, may enter and make a safety inspection for the purpose of insuring or protecting the officer's well being and the well being of others.

3B Fed. Jury Prac. & Instr. § 165.22 (5th ed.).  The jury then returned with a second note asking as follows, "If a consent for search of a premesis [sic] is made by authorities, and no valid consent is granted or occurs, can exigent circumstances be used to conduct the search?".  The Court advised the members of the jury, over plaintiffs' objections, that they could rely on exigent circumstances as an exception to the prohibition against warrantless searches even if a plaintiff did not provide legal consent.

Plaintiff argues that the Court should have precluded the jury from considering exigent circumstances because defendants never specifically argued that exigent circumstances justified their search of Mary Williams' upstairs apartment.  "It is elementary that in a civil action, the plaintiff bears the burden of proof on all essential elements of a claim. To succeed on a claim asserted under 42 U.S.C. § 1983, a party must prove that he or she was deprived of a right secured by the Constitution or by the law of the United States and that the person or persons depriving the party of the right acted under color of state law." *Ruggiero v. Krzeminski*, 928 F.2d 558, 562- 63

7

(2d Cir. 1991) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); (*Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406 (2d Cir. 1990)).  In *Ruggiero*, the court held that although a search conducted without a warrant is:

> presumptively unreasonable . . . the operation of this presumption . . .cannot serve to place on the defendant the burden of proving that the official action was reasonable. Rather, the presumption may cast upon the defendant the duty of producing evidence of consent or search incident to an arrest or other exceptions to the warrant requirement. However, the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.

928 F.2d at 563.

In this case, even if defendants did not argue at trial that exigent circumstances justified their search of Mary Williams' apartment, they did produce evidence, which, if credited, established that Ritz was chasing a suspect with a handgun and that Ritz saw the suspect with the handgun enter the rear of the two family residence.  At the time law enforcement asked Mary Williams for consent to search her upstairs apartment, they had searched the downstairs of the residence without finding the armed suspect they believed was inside.  Based on this evidence, which plaintiffs, despite their arguments to the contrary, made every attempt to challenge at trial, the Court properly instructed the jury that:

> An exception to the search warrant requirement is recognized in emergency situations in which a law enforcement officer, if the officer has a reasonable and good faith belief that a serious threat to the officer's safety or the safety of others is present, may enter and make a safety inspection for the purpose of insuring or protecting the officer's well being and the well being of others.

3B Fed. Jury Prac. & Instr. § 165.22 (5th ed.).

Even assuming the Court erred in instructing the jury that exigent circumstances can justify a warrantless search, there was evidence from which the jury could have concluded that Officer Matthew Hoy and Deputy Raymond Hoy obtained valid, voluntary consent from Mary Williams to search the upstairs apartment.  Indeed, Officer Raymond Hoy testified that when she

was asked for consent, Mary Williams was not handcuffed and that he was not pointing his shot gun at her.  The jury was entitled to credit defendants' version of the events, and in doing so, could have found that Mary Williams voluntarily consented to a search of her apartment.  Accordingly, plaintiff Mary Williams' motion for judgment as a matter of law is denied.

### 2.   Illegal Detention and Excessive Force

Plaintiffs Nasara Murphy, Mary Williams, and Michael Murphy move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) on the basis that the evidence shows that defendant officers Mathew Hoy and Raymond Hoy illegally detained them and used excessive force against them in violation of the Fourth Amendment.  Citing *United States v. Jamarillo*, 25 F.3d 1146 (2d Cir. 2002), plaintiffs argue that the potential presence in their home of a man with a gun did not justify Officer Matthew Hoy's and Deputy Raymond Hoy's fear for their safety and consequent handcuffing of them, and issuance of instructions to them to get to the ground, placing them in vulnerable positions, on the front porch.

*Jamarillo*, which involved the search of an unsuspicious patron in a bar where a weapon was located does not support plaintiffs' argument.  *Id*.  In *Jamarillo*, the Second Circuit held that the line of Supreme Court cases dealing with law enforcement searches in private homes were inapplicable, and that the line of cases dealing with the search of a person in a public place were applicable, explaining "[t]he difference lies in the fact that while it is obviously reasonable to believe that individuals in a private home or vehicle have some connection with one another, it is not reasonable to assume that all of the persons at a public bar have such a connection."  *Id*. at 1152; *compare Maryland v. Buie*, 494 U.S. 325, 334 (1990) (protective sweep of defendant's house incident to his arrest on a warrant for him and his suspected accomplice would be proper where specific and articulable facts warranted belief that the swept area harbored a dangerous individual); *with Ybarra v. Illinois*, 444 U.S. 85 (1979) (suppressing evidence obtained during the

9

search of a bar patron while law enforcement officers were executing a warrant that authorized the search of the bar and one of its bartenders).

Plaintiffs made the above arguments regarding the insufficiency of the evidence to the jury during trial, as well as others equally compelling.  If believed, plaintiffs' claims would have entitled them to relief under § 1983.  At trial, defendants specifically denied each plaintiff's claims.  Defendants testified that plaintiffs were detained, ordered to the ground and handcuffed (and in Nasara Murphy's case, placed in a police vehicle) for their own safety and in response to what the officers thought was a dangerous situation given their belief that an armed man was inside the residence.  Each side presented witnesses and made arguments to the jury.  Having reviewed the record the Court cannot say there is a total absence of evidence supporting the jury's verdict for defendants or that there is such an overwhelming amount of evidence in plaintiffs' favor that a reasonable and fair minded jury could not have found against plaintiffs.  *Cruz*, 34 F.3d at 1154.  Accordingly, plaintiffs' motion for judgment as a matter of law is denied.

**B.     Rule 59 Motion for a New Trial**

Plaintiffs move, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59.   Under Rule 59(a), a new trial may be granted even if there is substantial evidence supporting the jury's verdict.  In considering a motion for a new trial the court is free to weigh the evidence independently and need not view it in the light most favorable to the verdict winner.  *See Manley v. Ambase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003).  A new trial is not warranted, however, unless "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice."  *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992) (internal quotation marks omitted).  When the request for a new trial is based on an alleged error in the jury charge, a new trial is granted only when, "taken as whole, the jury instructions gave a misleading impression or inadequate understanding of the law." *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2d Cir. 1997)

(internal quotations omitted).  "A court's charge must be tested by viewing it as a whole and will not be disturbed if it is 'correct and sufficiently covers the case so that the jury can intelligently determine the questions presented to it.'"  *Pahuta v. Massey-Ferguson, Inc*., 170 F.3d 125, 135 (2d Cir. 1999) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 552-553 (2d Cir. 1996)).

For the reasons stated above, the Court concludes that its instructions to the jury were proper, and that there is ample evidence to support the verdict in this case.  Indeed, there is no basis to conclude that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice.  Accordingly, plaintiffs' motion for a new trial is denied.

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' motion for judgment as a matter of law, or, in the alternative, for a new trial is DENIED.

IT IS SO ORDERED.

DATE:  January 4, 2006

Norman A. Mordue
U.S. District Judge